**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 08-4141**

────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TERAH JAVAN SHELTON,

                    Defendant - Appellant.

────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:07-cr-00329-CMC-1)

────────────

Submitted:  October 8, 2008         Decided:  November 3, 2008

────────────

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

────────────

Affirmed by unpublished per curiam opinion.

────────────

Jan S. Strifling, Columbia, South Carolina, for Appellant.  Mark C. Moore, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Terah Javan Shelton pled guilty to possession with intent to distribute fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2008). The district court sentenced Shelton to 262 months in prison. Shelton's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal. Counsel questions whether the district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Shelton's guilty plea and whether the district court abused its discretion in sentencing Shelton. Shelton filed a pro se supplemental brief asserting that the Government reneged on promises made to him.

Counsel raises as a potential issue the adequacy of the plea hearing but concludes that there were no deficiencies in the district court's Rule 11 inquiries. Our careful review of the record convinces us that the district court substantially complied with the mandates of Rule 11 in accepting Shelton's guilty plea and ensured that Shelton entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Counsel next questions whether the district court abused its discretion by denying Shelton's motion for a downward variance sentence. We review the sentence imposed by the district court for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). Our review of the record leads us to conclude that the district court followed the necessary procedural steps in sentencing Shelton, properly calculating the guideline range and considering that recommendation in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008). See Gall, 128 S. Ct. at 597. We also find that the district court meaningfully articulated its refusal to vary from the guideline range and its decision to sentence Shelton at the bottom of the range. See id.; Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guideline sentence). Thus, we conclude that the sentence is reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none.[*] Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for

---

[*] We have reviewed the claims in Shelton's pro se supplemental brief and find them to be without merit.

3

further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED